Curia, per
Evans, J.
The written contract, dated 9th February, stipulates, that on the payment of a certain portion of the judgment, the defendant, as attorney of Hopkins, should give a general and entire discharge of all demands, or as the said B. B. Sams shall elect, an assignment of debt to him. From this agreeement the plaintiff has certainly no cause of action against the defendant, for not procuring an assignment of the judgment. If any such right of action exists, it arises out of the verbal stipulation proved by Col. DeTreville, to have been made on the 10th February, the day after the written agreement was signed. That stipulation, as proved, was, “ that he (the defendant,) would not pay the money over, until he procured a proper assignment of the judgment, or an assignment from the proper parties.” We think with the presiding Judge, that this was a personal undertaking, and that it was founded on a sufficient consideration, to wit, the payment of money by Sams. A very slight matter, either of benefit on one side, or loss on the other, is a sufficient consideration to support a promise; so that the only question about which there is any difficulty, is, whether the plaintiff’s action, arising out of this breach of contract, is barred by the statute of limitations. There is no doubt of the correctness of the principle contended for by the plaintiff’s counsel, that as between principal- and agent, the statute of limitations does not, in general, run, because there is no right of action until demand. The difficulty of the case is, to determine the precise relative position of the parties. I do not perceive there is any foundation for the main argument of the plaintiff’s counsel, that, by the contract, Rhett was Sam’s agent to buy an assignment from the executors of Hopkins. The money was not paid on any such contract as this. The money was paid on the contract of the 9th February, to Rhett, as the agent of Hopkins, upon his stipulation not to pay it over until he procured an assignment of the judgment. The plaintiff’s complaint is not that the defendant still keeps the money, and, *183 therefore, the plaintiff has a right to recover it back, as paid on a consideration that he has not performed, but that he has violated his promise, and paid over the money, without procuring the assignment, according to his promise. The general principle is, that the statute of limitations begins to run whenever a cause of action accrued to the plaintiff, or, in other words, whenever the plaintiff can sue the defendant for a breach of his contract. Now, there can be no doubt that when Rhett paid the money, in violation of his agreement, he was liable to action on his contract. It was broken, and the statute of limitations commenced to run from the day the plaintiff could have brought an action against him. But, it is supposed, no cause of action accrued to Sams, until he was informed of the breach of Rhett. I think it wholly immaterial, whether he knew it or not. If he did not, of which there is no evidence, except that it may be inferred from his letters, it was his misfortune, and he is not the first man who has lost his right of action by his own inattention to his business. In this particular, the case is like Executors of Thomas vs. Er-vin. If the defendant had fraudulently got possession of the plaintiff’s money, or had deceived him by misrepresentations as to its misapplication, that might, perhaps, have altered the case ; but nothing of this sort is supposed to exist in this case. The defendant is bound only by his promise. There is no pretence of any right to sue him on any other ground than a violation of his promise. More than four years elapsed after a cause of action accrued to the plaintiff, and we are of opinion, the plaintiff’s action is legally barred. The motion is dismissed.
We concur. John Belton O’Neall, D. L. Wardlaw.
Butler, J. I am inclined to the opinion, that the defendant should be regarded as a bailee, and did not hold the money adversely until demand, and, therefore, could not avail himself of the statute of limitations.